**HUNTON ANDREWS KURTH LLP**
Emily Burkhardt Vicente (State Bar No. 263990)
ebvicente@HuntonAK.com
D. Andrew Quigley (State Bar No. 280986)
aquigley@HuntonAK.com
Veronica A. Torrejón (State Bar No. 310871)
vtorrejon@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant,
AIRPORT MANAGEMENT SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHUNDREA HARDY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT MANAGEMENT SERVICES, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1367, 1441, 1446**<br><br>Complaint Filed: April 2, 2024<br>Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant AIRPORT MANAGEMENT SERVICES, LLC ("AMS") hereby removes the state court action described below to this Court pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.  In support thereof, AMS states as follows:

1.      On April 2, 2024, Plaintiff Shundrea Hardy ("Plaintiff") filed a lawsuit that is currently pending in the Superior Court of Los Angeles County, California as Case No. 24STCV08168 (the "State Action").

2.      On April 12, 2024, Plaintiff served AMS's registered agent for service of process with copies of the Summons and Complaint.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

3.      As explained below, the State Action is one that may be removed to this Court because AMS has satisfied the procedural requirements for removal and this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.  Pursuant to *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81, 87-89 (2014), Defendant's notice of removal need include only a plausible allegation that the requirements for diversity jurisdiction exist and does not need to contain evidentiary submissions.

## AMS HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      AMS was served with the Complaint on April 12, 2024.  *See* Cal. Code Civ. Proc. § 415.30(c).  AMS's Notice of Removal is, therefore, timely because it is filed within 30 days of the date of service of the Complaint.  *See* 28 U.S.C. § 1446(b).

5.      Venue lies in the United States District Court for the Central District of California because Plaintiffs filed the State Action, which is currently pending, in this judicial district.  *See* 28 U.S.C. § 1441(a) (mandating venue for removal actions).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S
NOTICE OF REMOVAL OF ACTION

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon AMS, are attached as follows:

a. **Exhibit A** – Plaintiff's Summons and Complaint;

b. **Exhibit B** – Other orders and documents served on AMS.

7. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of Los Angeles County, California.

## REMOVAL IS PROPER BECAUSE THIS COURT
## HAS SUBJECT MATTER JURISDICTION

**A.   This Court Has Original Diversity Jurisdiction.**

8. The Class Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715). Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

9. As set forth more fully below, this Court has subject matter jurisdiction over this putative class action because this action meets the requirements set forth in 28 U.S.C. § 1332(d). More specifically: (i) there are more than 100 members in Plaintiff's proposed class; (ii) Plaintiff and members of the putative class have a different citizenship than AMS; and (iii) the amount at issue on the claims of the proposed class exceeds the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has subject matter jurisdiction over this action on this basis.

DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S
NOTICE OF REMOVAL OF ACTION

### i.    This Class Action Involves More Than 100 Putative Members.

10.    The requirement that Plaintiff's proposed class have more than 100 members is met here. Specifically, Plaintiff proposes a class consisting of "[a]ll current and former hourly non-exempt employees of AMS who worked at [Los Angeles International Airport ("LAX")] during one or more pay periods from April 1, 2020, through the date of trial." (Complaint ¶ 15a.)

11.    Plaintiffs seek to certify three subclasses: (1) a "Minimum Wage Subclass," comprised of employees who allegedly were paid less than the minimum wage under the Los Angeles Living Wage Ordinance; (2) an "Overtime Subclass," comprised of employees who allegedly were not paid the correct overtime wage under the Los Angeles Living Wage Ordinance; (3) a "Waiting Time Penalty Subclass," comprised of employees whose employment was terminated at any time on or after April 1, 2021, and (4) a "Wage Statement Subclass," comprised of employees who received wage statements from AMS on or after April 1, 2023. (Complaint ¶ 15.)

12.    Plaintiff's Complaint admits, on information and belief, that AMS "employed hundreds of individuals who fall within each class definition" (Complaint ¶ 16a ) and the putative class includes more than 100 employees. Accordingly, the proposed class exceeds 100 members.

### ii.    The Diversity of Citizenship Requirement Is Satisfied.

13.    The required diversity of citizenship also exists. Under CAFA, diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332. Here, at least one Plaintiff and/or member of the putative class is a citizen of a different state than Defendant AMS.

14.    Plaintiff Shundrea Hardy is a citizen and resident of the State of California. At all relevant times, she has resided and been domiciled in California (Complaint ¶¶ 1, 7) and, upon information and belief, she intends to remain a resident

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S
NOTICE OF REMOVAL OF ACTION

and domicile of California.  Thus, for purposes of diversity jurisdiction, Plaintiff Hardy is a citizen of California.

15.     Plaintiff also seeks to represent a class of individuals who currently work or formerly worked at LAX, which is located in California. (Complaint ¶¶ 5, 7, 8.) Accordingly, for jurisdictional purposes, at least some of the putative class members also are citizens of California.

16.     Defendant AMS is <u>not</u> a citizen of California.  AMS is a limited liability company ("LLC").  Its state of formation is Delaware and its principal place of business is in New Jersey.  "A limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

17.     AMS's sole owner/member is Hudson Group (HG) Retail, LLC.  Hudson Group (HG) Retail, LLC's principal place of business is New Jersey, and its state of formation is Delaware.   The sole owner/member of Hudson Group (HG) Retail, LLC is Hudson Group (HG), Inc.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  Hudson Group (HG), Inc. was incorporated in Delaware and its principal place of business where its high-level officers direct, control and coordinate its activities is located at One Meadowlands Plaza, East

DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S
NOTICE OF REMOVAL OF ACTION

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Rutherford, NJ 07073.  Accordingly, for removal purposes, AMS is a citizen of the states of New Jersey and Delaware, not California.

18.    Although Plaintiff has also named as defendants Does 1 through 10, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

19.    Accordingly, at least one Plaintiff and/or member of the putative class has a different citizenship than AMS and, therefore, the requisite diversity of citizenship exists, pursuant to 28 U.S.C. § 1332(d).

### iii.    The Amount in Controversy Requirement Is Satisfied.

20.    The amount in controversy also exceeds the requisite sum or value of $5 million, exclusive of interest and costs.  Where removal is based on diversity of citizenship and the complaint seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co.,* 574 U.S. at 89; *see also Elizarraz v. United Rentals, Inc.,* No. 218CV09533ODWJC, 2019 WL 1553664, at *3 (C.D. Cal. Apr. 9, 2019) (at removal stage, "Defendant need not produce business records setting forth the precise number of employees in [the] putative class ... and the precise calculation of damages alleged to meet its burden regarding the amount in controversy.") (internal quotation marks omitted).

21.    Because the Complaint does not specify the amount of damages sought, AMS need only set forth in the Notice of Removal the facts in controversy that support a finding of the requisite amount.  *Elizarraz,* 2019 WL 1553664, at *3.

22. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of the plaintiffs on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the Complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (*citing Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)).

23. Although AMS denies the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff or the putative class she seeks to represent are entitled to any relief, Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of five million dollars, exclusive of interest and costs, as set forth below.

24. Plaintiff alleges causes of action pursuant to: the Los Angeles Administrative Code ("LAAC") § 10.37 *et seq.* (alleging violation of the Los Angeles Living Wage Ordinance ("LWO")); California Labor Code § 1194 (failure to pay minimum wages and overtime); California Labor Code §§ 201 and 202 (failure to pay all wages upon cessation of employment); and California Labor Code § 226 (failure to furnish accurate wage statements); and California Business & Professions Code § 17200 (unfair business practices). (Complaint ¶¶ 19-41.)

25. Plaintiff's claims for violation of the LWO, failure to pay all wages upon cessation of employment, failure to furnish accurate wage statements, and attorney's fees and costs pursuant to the LWO, alone, exceed the minimum $5 million amount in controversy.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Calculation of Alleged Damages**

26.    Plaintiff alleges that AMS did not pay her, and others she seek to represent, the specified minimum wage under the LWO.  (Complaint ¶¶ 19-22.) Specifically, Plaintiff seeks to represent all hourly non-exempt workers who worked for AMS at LAX and who allegedly were paid less than the minimum wage under the LWO.  (*Id.* ¶¶ 10, 15, 19-22.) Plaintiff seeks back pay for each day the alleged violation continued plus "treble damages" available under the LWO. (*Id.*, Prayer for Relief ¶ 8); *see also* Los Angeles Admin. Code § 10.37.6; *Aguiar v. Cintas Corp. No. 2*, 144 Cal. App. 4th 121, 126 (2006).  Plaintiff also seeks "restitution" for all wages unlawfully withheld from Plaintiff and the putative class.  (Complaint, Prayer for Relief ¶ 5.)

27.    As to wages allegedly withheld and purportedly owed pursuant to the LWO, Plaintiff contends that she and putative class members were not paid the Health Benefit portion of the "Cash Wage + Health Benefits" pay rate required under the LWO.  The "Health Benefit" portion was $5.34 per hour at the beginning of the class period (April 1, 2020), $5.77 per hour at the time Plaintiff was hired by AMS, and $5.95 per hour at the time Plaintiff's employment with AMS ended in 2022.

28.    Taking Plaintiff's allegations as true for purposes of this removal only, AMS calculates potential damages for this claim as follows: First, employees who received the base cash wage worked more than 58,000 workweeks between April 1, 2020 and the present, and worked an average of 7.5 hours per workday.  Assuming putative class members just worked one day per week, and using the lowest applicable Health Benefit rate during the putative class period of $5.34 per hour, which was in effect on April 1, 2020, the approximate alleged underpayment of wages to Plaintiff and those she seeks to represent during the class period of April 1, 2020 to the present,

DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S
NOTICE OF REMOVAL OF ACTION

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

is more than $2,300,000.00.[1]  Importantly, for the sake of simplicity and using conservative calculations, this number excludes more than 200 employees who earned more than the base cash wage and therefore allegedly experienced an underpayment of less than the full Health Benefit amount for every hour worked.  Under Plaintiff's theory, many of the more than 200 excluded employees still experienced an underpayment of wages for every hour worked, and their alleged damages would increase the amount in controversy.[2]

29.    Accounting for Plaintiff's claim that she also is entitled to treble this amount in penalties for AMS's purportedly intentional acts, this amount increases to approximately $6,900,000.00 based on the alleged violation of the LWO alone.

30.    Regarding Plaintiff's wage statement claim, Plaintiff alleges that by failing to pay Plaintiff and putative class members the correct hourly rate under the LWO, AMS also failed to furnish Plaintiff and putative class members with accurate wage statements as required by Labor Code § 226.  (Complaint ¶¶ 35-38.)

31.    Taking Plaintiff's allegations as true for purposes of this removal, AMS calculates potential damages for this claim as follows: more than 300 current AMS employees had been employed by AMS for at least one year as of May 8, 2024.  Each of those employees would have received 26 wage statements.  Pursuant to Labor Code § 226, Plaintiff claims she and the putative class are entitled to $50.00 for the first inaccurate wage statement and $100.00 for each subsequent inaccurate wage statement.  Thus, Plaintiff seeks at least $2,550 in penalties for each of the more than 300 current employees, or approximately $765,000.00.[3]  For simplicity, this number excludes penalties for allegedly inaccurate wage statements of any employee who

---

[1] This is calculated as follows: 58,000 workweeks x 1 day/workweek x 7.5 hours/day x $5.34/hour.

[2] Likewise, most if not all, employees in the putative class worked more than one day per week, which also would increase the amount in controversy.

[3] This is calculated as follows: ($50 first violation + ($100 subsequent violation x 25 violations)) x 300 current employees.

9

worked for AMS since April 1, 2023, but had not worked at least a full year as of May 8, 2024.  The potential penalties for allegedly inaccurate wage statements would be greater if this calculation included all employees who worked for AMS since April 1, 2023.

32.    Regarding Plaintiff's waiting time penalties claim, Plaintiff alleges that by failing to pay Plaintiff and the putative class members the correct hourly rate under the LWO, AMS also failed to timely pay Plaintiff and putative class members all wages owed to them when their employment with AMS ended.  Plaintiff asserts this claim for the time period of April 1, 2021 to the present.

33.    Taking Plaintiff's allegations as true for purposes of this removal, AMS calculates potential damages for this claim as follows: more than 300 AMS employees have separated from their employment with AMS since April 1, 2021, and the average hourly wage of those terminated employees was more than $18.70.  Those employees also worked at least 7.5 hours per day on average.  Under Labor Code § 203, an employee's daily wages continue to accrue for up to 30 days.  Thus, Plaintiff's waiting time penalties claim for these 300 employees adds up to more than $1,260,000.00.[4]

34.    Plaintiffs also seek attorney's fees (Complaint, Prayer for Relief, ¶ 9), which are properly included when calculating the amount in controversy for removal purposes.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019); *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, Case No. 05-cv-225 (C.D. Cal. July 11, 2005) (including attorney's fees for purposes of amount in controversy requirement, and concluding that the Court had jurisdiction under CAFA).

35.    Applying a conservative estimate of 25% of the estimated damages, wages, and penalties in controversy on Plaintiff's claims discussed above, (which total

---

[4] This is calculated as follows:  7.5 hours per day x $18.70 per hour x 30 days x 300 employees.

10

DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S
NOTICE OF REMOVAL OF ACTION

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

at least $8,925,000.00), potential attorneys' fees sought by Plaintiffs could exceed $2,000,000.00.

## Total Amount In Controversy

36.    Based on the foregoing, it is apparent that the amount in controversy requirement is plainly met, and removal to this Court is proper under diversity of citizenship jurisdiction.

37.    Based on Defendant's reasonable calculations, Plaintiff seeks:

- Treble damages for violation of the LWO of at least $6,900,000.00;
- Inaccurate wage statement penalties of approximately $765,000.00;
- Waiting time penalties of approximately $1,260,000.00; and
- Attorneys' fees of approximately $2,000,000.00.

38.    **Thus, it is more likely than not that the total amount in controversy is *at least* $10,925,000.00**, not including Plaintiff's additional claims for damages and/or penalties under:

- California Labor Code § 1194 (minimum wages and overtime); and
- California Business and Professions Code § 17200, *et seq*.

Accordingly, the amount in controversy requirement for federal jurisdiction under CAFA is satisfied.

WHEREFORE, AMS hereby removes this State Action from the Superior Court of Los Angeles County, California, to this Court, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

DATED:  May 10, 2024                    HUNTON ANDREWS KURTH LLP

By:*/s/ Emily Burkhardt Vicente*
                    Emily Burkhardt Vicente
                    D. Andrew Quigley
                    Veronica A. Torrejón
                    Attorneys for Defendant
                    Airport Management Services, LLC

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT AIRPORT MANAGEMENT SERVICES, LLC'S
NOTICE OF REMOVAL OF ACTION